UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-109-BR

| BARBARA POLLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHELLE POLLARD, in her individual | ) |
| capacity, LEE MOORE, in both his individual | ) |
| and official capacity, RICK FISHER, in both his | ) |
| individual and official capacity, and MAC | ) |
| MANNING in his official capacity as SHERIFF | ) |
| OF PITT COUNTY, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the following motions: (1) a motion by plaintiff for leave to file a second amended complaint; (2) motions by all defendants to dismiss under Fed. R. Civ. P. 12; and (3) a motion by defendants Moore, Fisher and Manning ("MFM defendants") for sanctions. The motions are ripe for disposition.

I. BACKGROUND

Plaintiff commenced this action on 5 July 2007 against all defendants, and filed a first amended complaint on 11 July 2007. Plaintiff's son, Stacey Pollard, was married to defendant Michelle Pollard, who is a lieutenant in the Pitt County Sheriff's Department. Am. Compl. ¶¶ 3-4, 14.[1] Stacey Pollard died on 18 November 2005 at home. Id. ¶¶ 9, 11. Plaintiff is the administratrix of Stacey Pollard's estate and contends that the investigation into his death by the Pitt County

---

[1] The court cites only to those allegations in the first amended complaint which are not materially different from allegations in the proposed second amended complaint.

Sheriff's Department was improper and inadequate because Michelle Pollard was both an employee of the department and involved in "'close, intimate' relationships with individuals in high places there." Id. ¶¶ 4, 32. Plaintiff further contends that all defendants engaged in various acts to impede the investigation into Stacey Pollard's death, which "have had the effect of delaying the Plaintiff's right to institute her claims in court[.]" Id. ¶¶ 19, 21, 23, 33, 54. The complaint asserts claims of wrongful death under N.C. Gen. Stat. § 28A-18-2 and various purported violations of plaintiff's constitutional rights under 42 U.S.C. § 1983. Id., Counts I-V.

## II. DISCUSSION

The court turns first to defendants' motions to dismiss.[2] Plaintiff asserts two types of claims: a claim for wrongful death under N.C. Gen. Stat. § 28A-18-2 against Michelle Pollard, and claims under 42 U.S.C. § 1983 against all defendants which the parties characterize as a claim asserting denial of access to the courts. (Br. Supp. Pollard Mot. Dismiss at 8; Br. Supp. MFM Defts. Mot. Dismiss at 3; Br. Opp. Pollard Mot. Dismiss at 6.)

> A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. Moreover, when such a dismissal involves a civil rights complaint, [the court] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged. [The court is] not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quotations and citations omitted).

---

[2] The court turns first to the motions to dismiss, because, for the reasons stated *infra*, the new factual allegations in plaintiff's proposed second amended complaint would be futile as they are not materially different from the first amended complaint and do not cure the defects identified by defendants.

2

With regard to plaintiff's § 1983 claims, defendants contend that under the relevant case law, plaintiff must actually be foreclosed from filing a wrongful death action, and because she has been able to file such an action, she cannot make out a § 1983 claim. (Br. Supp. Pollard Mot. Dismiss at 12-14; Br. Supp. MFM Defts. Mot. Dismiss at 4.)

In Christopher v. Harbury, 536 U.S. 403, 405 (2002), the plaintiff alleged that various federal government officials and agencies intentionally misled her regarding the whereabouts and fate of her missing husband, because they knew that her husband had been captured, and eventually killed by Guatemalan army forces who had been trained in the United States and used as CIA informants, but withheld these facts out of a desire to gain information secured through her husband's torture and to cover up their complicity in her husband's detention and death. The plaintiff therefore claimed that her right of access to the courts had been violated through the concealment of information that, if timely disclosed, could have provided the basis for "a lawsuit that might have saved her husband's life." Id. The Supreme Court upheld the dismissal of the plaintiff's denial-of-access claim because the plaintiff had other, viable claims that were still pending and therefore had the opportunity to recover relief for the harms allegedly inflicted upon her and her late husband. Id. at 422. The Supreme Court noted that the only sort of relief that could no longer be awarded through another claim was some type of injunction which potentially could have saved the plaintiff's husband's life, but such an order plainly could not be timely and meaningfully secured through a denial-of-access claim brought after the plaintiff's husband's death. Id. ("And it is just because the access claim cannot address any injury she has suffered in a way the presently surviving [tort] claims cannot that [the plaintiff] is not entitled to maintain the access claim as a substitute, backward-looking action.").

3

Case 4:07-cv-00109-BR   Document 52   Filed 01/02/08   Page 3 of 6

Two cases applied similar reasoning to dismiss denial-of-access claims in factually similar cases. In Swekel v. City of River Rouge, 119 F.3d 1259, 1260-61 (6th Cir. 1997), the plaintiff claimed that the police failed to fully investigate her husband's death in a motor vehicle accident because the son of a high-ranking police officer was possibly involved, and therefore she was unable to file a wrongful death claim against all parties to the accident.[3] The Sixth Circuit found that if, as here, the alleged wrongful conduct by government officials occurs prior to filing the complaint, "then the plaintiff must establish that such abuse denied her 'effective' and 'meaningful' access to the courts. [The plaintiff] can do this only by showing that the defendants' actions foreclosed her from filing suit in state court or rendered ineffective any state court remedy she previously may have had." Id. at 1263-64 (citations omitted) (noting that "state courts can [usually] address pre-filing abuses by tolling the statute of limitations or allowing for a 'spoliation of evidence' lawsuit."). The court upheld the district court's award of summary judgment to the defendants:

> [The plaintiff] alleges that the police covered-up proof against one of their own, destroyed critical evidence, and delayed [the plaintiff]'s own investigation. These allegations, if true, would substantially prejudice [the plaintiff]'s ability to recover in state court. Delay alone causes stale evidence and the fading of material facts in the minds of potential witnesses. [The plaintiff], however, never presented evidence that the state court could not adequately address these problems. In fact, none of the evidence before this court establishes that [the plaintiff] even attempted to go to the state court in first instance. Before filing an "access to courts" claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact "effective" and "meaningful"?

Id. at 1264 (citations and some quotations omitted).

In Flagg v. City of Detroit, 447 F. Supp. 2d 824, 826-27 (E.D. Mich. 2006), the plaintiff filed a § 1983 denial-of-access action alleging that the investigation of his mother's murder was

---

[3] The plaintiff did successfully pursue a state court wrongful death claim against one of the parties to the accident. Id. at 1261.

4

significantly impaired by its possible connection to the city mayor. The plaintiff alleged that the mayor used his position to retaliate against police officers who attempted to investigate his mother's death, and therefore the police performed an inadequate investigation and concealed key evidence. Id. at 827. Following the reasoning in Swekel, the district court acknowledged that while "the inadequate investigation and concealment of evidence left the plaintiff allegedly unable to discover the identity of the proper defendant to a wrongful death suit[,] . . . . a plaintiff's inability to discern the precise parties to name as defendants in a state court suit" does not create a "futility" exception that permits the plaintiff to go forward on a denial-of-access claim. Id. at 831; see also Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 663 (M.D.N.C. 2003) ("the right of access to the courts is violated only when the defendant's actions inhibit the plaintiff from filing a case or obtaining legal redress, not merely when the defendant's actions interfere with potential sources of evidence.").

In the instant case, plaintiff has not made any attempt to go to the state court before filing the instant suit, and in fact, her complaint contains a state law wrongful death claim. She does not allege or contend that she has been prevented from filing any suit, only that "the investigation and . . . cover-up by the Pitt County Sheriff's Office has placed a monumental obstacle in the path of plaintiff's ability to litigate a wrongful death claim[,]"[4] (Br. Opp. Pollard Mot. Dismiss at 6), and "have had the effect of delaying the [p]laintiff's right to institute her claims in court for over a year[,]" (First Am. Compl. ¶ 54). Her § 1983 claims must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the motions to dismiss plaintiff's § 1983 claims are ALLOWED.

---

[4] It appears to the court from numerous allegations in plaintiff's first and proposed second amended complaints that she has amassed evidence against Pollard in spite of the "monumental obstacle" placed in her path by the defendants. (See, e.g., First Am. Compl. ¶¶ 10, 12, 14-15, 18, 23, 31-32, 36, 39, 42, 50-53.)

5

The court declines to exercise supplemental jurisdiction over plaintiff's state law wrongful death claim under 28 U.S.C. § 1367(c)(3), and that claim is DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to file a second amended complaint is DENIED. Plaintiff's request for a hearing on the motions is DENIED. After careful consideration of the MFM defendants' motion for sanctions, it is DENIED.

This 2 January 2008.

                                              W. Earl Britt
                                              Senior U.S. District Judge

bp/mp/tec